UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 20 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

PATRICIA GALLEY,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**DECISION AND ORDER**

1:18-CV-00580 EAW

## <u>INTRODUCTION</u>

Represented by counsel, Plaintiff Patricia Galley ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 10; Dkt. 11), and Plaintiff's reply (Dkt. 14). For the reasons discussed below, Plaintiff's motion (Dkt. 10) is denied and the Commissioner's motion (Dkt. 11) is granted.

## BACKGROUND

Plaintiff protectively filed her application for DIB on September 9, 2014. (Dkt. 8 at 14, 81).[1] In her application, Plaintiff alleged disability beginning April 25, 2014, due to several impairments, including multiple sclerosis, vision problems, and back problems. (*Id.* at 14, 82). Plaintiff's application was initially denied on December 22, 2014. (*Id.* at 14, 91). A hearing was held before administrative law judge ("ALJ") Paul Georger on June 9, 2017, in Buffalo, New York. (*Id.* at 14, 44-80). On April 4, 2017, the ALJ issued an unfavorable decision. (*Id.* at 11-22). Plaintiff requested Appeals Council review; her request was denied on March 23, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.   The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff meets the insured status requirements of the Act through December 31, 2019. (Dkt. 8 at 16). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since April 25, 2014, the alleged onset date. (*Id.* at 16-17).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: multiple sclerosis, degenerative disc disease, and lumbar spine post discectomy and fusion. (*Id.* at 17). The ALJ further found that Plaintiff's depression and history of breast cancer were non-severe. (*Id.* at 17-18).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 18). The ALJ particularly considered the criteria of Listings 1.00(B)(2)(b), 1.04, and 11.09 in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), additionally limiting Plaintiff to:

> lifting 10 pounds occasionally and less than 10 pounds frequently; carrying 10 pounds occasionally and less than 10 pounds frequently; sitting for four hours, standing for two hours, walking for two hours; push/pull as much as can lift/carry. The claimant can climb ramps and stairs occasionally, climb ladders, ropes, or scaffolds occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally.

(*Id.* at 18-21). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a Corporate Accountant/Certified Public Accountant. (*Id.* at 21-22). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 22).

## II. The Commissioner's Determination Is Supported by Substantial Evidence and Free from Legal Error

Plaintiff asks the Court to remand this matter to the Commissioner, arguing: (1) the ALJ's finding that Plaintiff can perform her past relevant work as a Corporate Accountant/Certified Public Accountant was unsupported by substantial evidence of record; (2) the ALJ failed to properly assess Plaintiff's mental health impairments; and (3) the ALJ's RFC finding was unsupported by substantial evidence. (Dkt. 10-1 at 15-24). The Court has considered each of these arguments and, for the reasons discussed below, finds them to be without merit.

### A. Past Relevant Work Determination

"A claimant makes a prima facie showing of disability only by establishing that he is unable to return to his former type of work." *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981). "[A]n individual retains the capacity to perform his past relevant work when he can perform the functional demands and duties of the job as he actually performed in or as generally required by employers throughout the national economy." *Selby v. Comm'r of Soc. Sec.*, No. 1:14-cv-1066 (LEK), 2016 WL 1271487, at *9 (N.D.N.Y. Mar. 31, 2016) (original alteration and quotation omitted). "[T]he Social Security Act requires that an

applicant for disability benefits demonstrate that 'his physical or mental impairment or impairments are of such severity that he is . . . unable to do his previous work[.]" *Jock*, 651 F.2d at 135 (omissions in original) (quoting 42 U.S.C.§ 423(d)(2)(A)). To constitute past relevant work, the past work must meet certain recency, duration, and substantial gainful activity requirements. *See* SSR 82-62.

The ALJ in the instant matter properly determined Plaintiff was capable of performing her past relevant work as a Corporate Accountant/Certified Public Accountant. The ALJ made an RFC finding before determining that Plaintiff's past work met the recency, duration, and substantial gainful activity requirements necessary to qualify as past relevant work. (*Id.* at 21). The ALJ then compared Plaintiff's RFC with the physical and mental demands of Plaintiff's past relevant work and determined she could perform it as actually and generally performed because work as a Corporate Accountant/Certified Public Accountant did not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id.* at 18).

Plaintiff contends she is unable to perform her past relevant work because she experiences headaches and head and facial tightness after using a computer or performing "close-up work" for short periods of time. (Dkt. 10-1 at 16-17). Plaintiff does not cite to any medical opinion of record in support of her argument, instead relying entirely on her own testimony. She cites extensively to the hearing transcript and argues that her testimony is substantiated by an adult function report that she filled out (*see* Dkt. 8 at 207-11), as well as her own reports to her neurologist and neuro-ophthalmologist (*see id.* at 491-95, 501).

Plaintiff contends the ALJ disregarded her testimony and gave no reason for doing so. (Dkt. 10-1 at 17).

The ALJ, who has the "opportunity to observe witnesses' demeanor, candor, fairness, intelligence and manner of testifying," is "best-positioned to make accurate credibility determinations." *Whiting v. Astrue*, No. CIV.A. 1:12-274, 2013 WL 427171, at *6 (N.D.N.Y. Jan. 15, 2013), *adopted*, 2013 WL 427166 (N.D.N.Y. Feb. 4, 2013). As such, "credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." *Perez v. Barnhart*, 440 F. Supp. 2d 229, 235 (W.D.N.Y. 2006) (quotation omitted). The ALJ has discretion to weigh a plaintiff's subjective testimony "in light of the other evidence in the record" related to the impairment. *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

In assessing the credibility of a claimant's subjective complaints, the Commissioner's regulations require ALJs to employ a two-step inquiry. *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010). "First, the ALJ must determine whether the claimant suffers from a 'medically determinable impairment[ ] that could reasonably be expected to produce'" her symptoms. *Id.* (quoting 20 C.F.R. § 404.1529(c)(1) ). "Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Id.*; *see Vella v. Comm'r of Soc. Sec.*, 394 F. App'x 755, 757 (2d Cir. 2010) ("[A]n individual's statement as to pain or other symptoms shall not alone be conclusive

evidence of disability . . . there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment." (quoting 42 U.S.C. § 423(d)(5)(A))); *see also* 20 C.F.R. § 404.1508.

Contrary to Plaintiff's contentions, the record before the Court shows that the ALJ engaged in the two-step analysis described above. The ALJ stated that Plaintiff reportedly had difficulty working on a computer and that her "medically determinable impairments could reasonably be expected to produce" that symptom. (Dkt. 8 at 19). However, the ALJ also found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*). The ALJ then discussed that Plaintiff's physical examinations throughout 2015, 2016, and 2017 "generally showed benign findings including . . . essentially normal physical and musculoskeletal examinations [and] normal visual examinations." (*Id.* at 20). The ALJ also relied on the opinion evidence of record, including that of Patrick Hughes, M.D., who found that Plaintiff's "neurological examination and motor system examination were essentially normal." (*Id.*). The ALJ specifically referenced the generally benign findings of the examinations when discussing why Plaintiff's "allegations of debilitating symptoms are not entirely/generally consistent with the medical evidence of record." (*Id.* at 21). Accordingly, the Court finds the ALJ's credibility inquiry was proper. *See Givens v. Colvin*, No. 13 Civ. 4763(VEC)(AJP), 2014 WL 1394965, at *11 (S.D.N.Y. Apr. 11, 2014) (holding the ALJ met his burden in finding

the Plaintiff's claims not credible because "the objective medical evidence failed to support his claims of disability based on his right eye pain or headaches"); *see also Stanton v. Astrue*, 370 F. App'x 231, 234 (2d Cir. 2010) (discussing that the court will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Malone v. Barnhart*, 132 F. App'x 940, 942 (2d Cir. 2005) (holding the ALJ "properly concluded that [the plaintiff]'s allegations were not credible, as they were not supported by the objective medical evidence and in fact were substantially contradicted by the opinions and assessments of treating specialists" (quotations omitted)).

Plaintiff also argues that the evidence relied on by the ALJ at most supports a determination that Plaintiff had good vision for short tasks, not to read "detailed columns of numbers on paper or on the computer, for hours on end." (Dkt. 14 at 5). "Plaintiff bears the burden at step four of showing that she is unable to perform her past relevant work[.]" *Iqbal v. Comm'r of Soc. Sec.*, No. 1:16-CV-0722 (CFH), 2017 WL 3475492, at *5 (N.D.N.Y. Aug. 11, 2017). As discussed above, the only evidence of record Plaintiff cites in support of her contention are her own statements, and the ALJ's decision to discount her statements is supported by substantial evidence. Moreover, no medical evidence of record contradicted the evidence the ALJ relied on—as previously discussed, all of the medical evidence before the ALJ, including the consultative opinion of Dr. Hongbang Liu and the opinion of Dr. Hughes, indicated that Plaintiff consistently had normal visual, neurological, and musculoskeletal examinations. *See Rutkowski v. Astrue*, 368 F. App'x 226, 230 (2d Cir. 2010) (ALJ adequately supported credibility finding when he noted that "substantial

evidence existed showing that [plaintiff] was relatively mobile and functional, and that [plaintiff's] allegations of disability contradicted the broader evidence" (quotations omitted)); *Thomas v. Colvin*, No. 14-CV-6302, 2015 WL 4412873, at *8 (W.D.N.Y. July 20, 2015) ("[T]here is nothing in the RFC that plainly contradicts Dr. Boehlert's opinion, and there is no indication that the ALJ selectively chose evidence in the record to support his conclusion, even assuming, *arguendo*, that the RFC was not reconciled seamlessly with Dr. Boehlert's opinion."). Accordingly, the record does not support that Plaintiff met her burden of showing that she could not perform her past relevant work as a Corporate Accountant/Certified Public Accountant.

Plaintiff further contends that the ALJ should have called a medical expert to investigate whether Plaintiff could perform her past relevant work. (Dkt. 14 at 5-6). The Court finds calling an additional expert was unnecessary in light of the substantial evidence of record before the ALJ. *See Pellam*, 508 F. App'x at 90 (citing *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information[.]")).[2]

---

[2]    Plaintiff also claims the ALJ "rebuffed" her offer to obtain an RFC assessment from her treating neurologist. (Dkt. 14 at 5). However, as discussed above, the ALJ was under no obligation to further develop the record because the record contained no obvious gaps; Plaintiff's counsel appeared to concede at the hearing that the potential RFC assessment was superfluous, stating "[p]erhaps it's not necessary." (Dkt. 8 at 79). Additionally, Plaintiff was not yet in possession of the RFC assessment, and the hearing transcript indicates there was some question about whether the neurologist would even provide one. (*See id.* at 78-79). The record before the Court also indicates that the ALJ was not made aware of the possibility of obtaining the assessment until the hearing, and "an ALJ may

Plaintiff's argument that the ALJ's "explanation at step four was broad and vague and in no way detailed enough to properly conclude that Plaintiff was able to perform her [past relevant work]" (Dkt. 10-1 at 17-18) is also without merit. The Second Circuit has held that "the absence of an express rationale for an ALJ's conclusions does not prevent us from upholding them so long as we are 'able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence.'" *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112 (2d Cir. 2010) (citing *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982)). In the instant matter, the ALJ discussed Plaintiff's alleged symptoms and reasons why he found them inconsistent with the medical evidence of record when explaining his RFC finding. (Dkt. 8 at 19-21). Additionally, the ALJ referenced in the decision the VE's testimony at the hearing regarding the requirements of Plaintiff's past relevant work. (*Id.* at 21; *see id.* at 75-79).

For all these reasons, the Court finds the ALJ's evaluation at step four was proper and remand is not warranted on this basis.

---

decline to consider evidence submitted later than five business days before the date of the scheduled hearing." *Savo v. Astrue*, No. 3:10-CV-1612 (CFD)(TPS), 2011 WL 5025488, at *2 (D. Conn. Oct. 21, 2011) (citing 20 C.F.R. § 405.331(a)). Moreover, Plaintiff never contended, nor does the record show, that there was "some other unusual, unexpected, or unavoidable circumstance" that prevented her from submitting an RFC assessment from her neurologist earlier. *See* 20 C.F.R § 405.331(c)(3).

## B. Severe Impairment Determination

Plaintiff argues the ALJ failed to assess Plaintiff's anxiety at step two as well as to take Plaintiff's non-severe impairment of depression into account in his RFC finding. (Dkt. 10-1 at 19-22). The Court is not persuaded by Plaintiff's argument for the following reasons.

### 1. The Step Two Severity Standard

At step two of the disability analysis, the ALJ determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). "An impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings." *Colon v. Astrue*, No. 03:08-CV-1276 (DJS), 2009 WL 1289244, at *1 (D. Conn. May 6, 2009) (citing 20 C.F.R. § 404.1508). The Commissioner's Regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; "[u]se of judgment"; "[r]esponding appropriately to supervision, co-workers and usual work situations"; and "[d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1522(b).

"An impairment 'must last or be expected to last for a continuous period of 12 months.'" *Iannopollo v. Barnhart*, 280 F. Supp. 2d 41, 46 (W.D.N.Y. 2003) (quoting 20

C.F.R. § 404.1509); *see Barnhart v. Walton*, 535 U.S. 212, 213 (2002) (holding that the Social Security Act requires both the impairment and the subsequent inability to engage in any substantial gainful activity to last twelve months to meet the durational requirement for disability). Additionally, to receive DIB benefits, a claimant must show the onset of the disability occurred before the date last insured. *See* SSR 83-20 (1983) ("A title II worker cannot be found disabled under the Act unless insured status is also met at a time when the evidence establishes the presence of a disabling condition(s).").

"The claimant bears the burden of presenting evidence establishing severity." *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012), *adopted*, 32 F. Supp. 3d 253 (N.D.N.Y. 2012). Step two's "severity" requirement is *de minimis* and is meant only to screen out the weakest of claims. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Despite this lenient standard, the "'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Taylor*, 32 F. Supp. 3d at 265 (quoting *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)). Rather, "to be considered severe, an impairment or combination of impairments must cause 'more than minimal limitations in [a claimant's] ability to perform work-related functions.'" *Windom v. Berryhill*, No. 6:17-cv-06720-MAT, 2018 U.S. Dist. LEXIS 176372, at *7 (W.D.N.Y. Oct. 14, 2018) (quoting *Donahue v. Colvin*, No. 6:17-CV-06838(MAT), 2018 U.S. Dist. LEXIS 87554, at *15 (W.D.N.Y. May 24, 2018)) (alteration in original).

## 2.    The ALJ's Consideration of Plaintiff's Impairments

Plaintiff claims the ALJ failed to assess her anxiety as a medically determinable impairment at step two of the decision. (Dkt. 10-1 at 20). Plaintiff argues it was legal error for the ALJ's decision to fail to consider various portions of the record that she cites regarding her anxiety. "When . . . the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). Also, as previously discussed, "the absence of an express rationale for an ALJ's conclusions does not prevent us from upholding them so long as we are able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence." *Salmini*, 371 F. App'x at 112. In the instant matter, the ALJ discussed Plaintiff's anxiety symptoms during his analysis of Plaintiff's impairment of depression, stating Plaintiff's "psychiatrist reported that [Plaintiff] had mild anxiety and depression that sometimes limits her functioning," and that Plaintiff reported "her anxiety is much better." (Dkt. 8 at 17). The ALJ's finding that Plaintiff's anxiety improved supports the determination that Plaintiff's anxiety was not a medically determinable impairment. *See Aman v. Colvin*, 46 F. Supp. 3d 220, 224-25 (W.D.N.Y. 2014) (finding determination that applicant had not suffered from medically determinable impairment was supported by substantial evidence where "the record

suggests that plaintiff's treatment and medication were highly effective in mitigating plaintiff's symptoms").

Additionally, "[a] step two error is not reversible and does not necessitate remand where the record is devoid of evidence that the allegedly omitted impairments were severe." *Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991 (MAT), 2018 WL 3751292, at *2 (W.D.N.Y. Aug. 7, 2018) (citing *Rye v. Colvin*, No. 2:14-cv-170, 2016 WL 632242, at *4 (D. Vt. Feb. 17, 2016)), *appeal filed*, *Guerra v. Colvin*, No. 18-2646 (2d Cir. Sept. 7, 2018). Notes from Plaintiff's neurologist appointment on April 9, 2014, state that Plaintiff reported missing "some work as a result of difficulty sleeping and anxiety." (Dkt. 8 at 280). However, the notes from her neurologist dated September 24, 2014, state Plaintiff had "no anxiety and no depression" (*id.* at 308), and the December 3, 2014, opinion of consultative examiner Christine Ransom found that Plaintiff's anxiety disorder was "currently in remission on medication" (*id.* at 330). Accordingly, the longest period the record could support Plaintiff's anxiety lasting is five and a half months, well below the 12-month time period necessary to establish severity.

Plaintiff also argues that the ALJ erred in not including any limitations in the RFC finding attributable to Plaintiff's non-severe impairment of depression. In step two of the decision, the ALJ stated "the following [RFC] assessment reflects the degree of limitation the undersigned has found in the … mental function analysis." (Dkt. 8 at 18). Additionally, in his RFC finding the ALJ stated he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective

medical evidence." (*Id.* at 19). He also discussed the consultative opinion of psychologist Dr. Ransom, who found Plaintiff showed no evidence of limitations for following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration for simple tasks, maintaining a simple regular schedule and learning simple new tasks, performing complex tasks, relating adequately with others, and appropriately dealing with stress. (*Id.* at 20, 332). Moreover, the ALJ explained that he discounted Plaintiff's statements regarding her depression because her mental status examinations "generally indicated benign findings." (*Id.* at 21). In other words, "the ALJ adequately explained how the evidence supports [his] conclusions about [Plaintiff]'s limitations and discussed [Plaintiff]'s ability to perform sustained work activities." *Murphy v. Astrue*, No. 12-CV-6271T, 2013 WL 1452054, at *6 (W.D.N.Y. Apr. 9, 2013) (quoting *Casino–Ortiz v. Astrue*, No. 06 Civ. 0155(DAB)(JCF), 2007 WL 2745704, at *14 (S.D.N.Y. Sept. 21, 2007), *report and recommendation adopted*, 2008 WL 461375 (S.D.N.Y. Feb. 20, 2008)). Accordingly, the ALJ's decision to not include additional restrictions for Plaintiff's non-severe impairment of depression was supported by substantial evidence.

Plaintiff further argues that the ALJ failed to consider the finding by Plaintiff's treating psychiatrist, Dr. Kang, that Plaintiff had major depressive disorder. (Dkt. 10-1 at 21). The Court finds Plaintiff's argument without merit. The ALJ determined that Plaintiff had the impairment of depression. (Dkt. 8 at 17). However, the ALJ found Plaintiff's depression was non-severe, and cited to Dr. Kang's reports to support the proposition that

Plaintiff "had other essentially normal psychological examinations."[3] (Dkt. 8 at 17-18).

Dr. Kang's notes support the ALJ's finding—Dr. Kang reported that Plaintiff was alert, fully oriented, and related adequately, and that she had an intact memory, normal thoughts, fair-to-good attention, and good concentration, judgment, and insight. (*Id.* at 270, 385, 387-90, 430-35).

Moreover, had the ALJ erred in his assessment of Plaintiff's anxiety or depression, "the omission of an impairment [by the ALJ] at step two does not in and of itself require remand and may be deemed harmless error." *Rye v. Colvin*, 2016 WL 632242, at *3 (D. Vt. Feb. 17, 2016) (citing *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) and *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)). "This is particularly true where the disability analysis continued and the ALJ considered all of the claimant's impairments in combination in his RFC determination." *Id.* (citing *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013)). Although Plaintiff contends the RFC finding failed to include limitations attributable to Plaintiff's anxiety and depression (Dkt. 8-1 at 21), the ALJ stated he "considered all symptoms" when assessing Plaintiff's work-related limitations, and discussed the evidence regarding Plaintiff's mental limitations. (*Id.* at 19-20). Accordingly, even if the ALJ's determination that Plaintiff's anxiety was not an impairment and her depression was a non-severe impairment was not supported by substantial evidence, it was harmless error.

---

[3]     Plaintiff also argues it was improper for the ALJ to "downplay" the severity of Plaintiff's depression based on Dr. Ransom's opinion. (Dkt. 10-1). However, the ALJ also relied on the notes of Dr. Kang in making this finding. (Dkt. 8 at 17-18).

## C.     Weight Afforded Opinion of Consultative Examiner

Plaintiff further argues the ALJ improperly weighed the opinion of consultative examiner Dr. Liu when making his RFC finding. (Dkt. 10-1 at 22-24). For the reasons that follow, the Court is also not persuaded by this contention.

In assessing a disability claim, an ALJ must consider and weigh the various medical opinions of record. Pursuant to the Commissioner's regulations:

> [T]he ALJ must consider various factors in deciding how much weight to give to any medical opinion in the record, regardless of its source, including: (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the . . . physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Pike v. Colvin*, No. 14-CV-159-JTC, 2015 WL 1280484, at *5 (W.D.N.Y. Mar. 20, 2015) (quotation and alterations omitted). "An ALJ does not have to explicitly walk through these factors," so long as the Court can conclude that he or she "applied the substance" of the regulations and appropriately set forth the rationale for the weight given to the opinions. *Hall v. Colvin*, 37 F. Supp. 3d 614, 625 (W.D.N.Y. 2014) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)).

In the instant matter, the ALJ gave "great weight" to the opinion of consultative examiner Dr. Liu, who opined that Plaintiff had mild limitations for prolonged walking, bending, and kneeling. (Dkt. 8 at 20). The ALJ found Dr. Liu's opinion was consistent with the objective findings in the treatment record and consistent with Dr. Liu's examination. (*Id.*).

Plaintiff contends that the ALJ failed to explain how Dr. Liu's findings equate to the limitations the ALJ imposed. However, the Second Circuit has held:

> Where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, we agree . . . that remand is not necessary merely because an explicit function-by-function analysis was not performed.

*Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). In the instant matter, the ALJ's decision was supported by substantial evidence. Dr. Liu found Plaintiff "appeared to be in no acute distress," had a normal gait, could walk on her heels and toes with mild difficulty, and could squat to 55% of the normal range. (Dkt. 8 at 326). Dr. Liu also noted that Plaintiff's strength was 5/5 in the upper and lower extremities, and that her grip strength was 5/5 bilaterally. (*Id.* at 327).

Moreover, in addition to Dr. Liu's opinion, the ALJ cited to other evidence in the medical record to support his finding. For example, the ALJ stated that "physical examinations since the alleged onset date throughout 2015 generally showed benign findings including no acute distress, essentially normal physical and musculoskeletal examinations, [and] normal visual examinations." (*Id.* at 19-20). The ALJ also recognized that some examinations, including that of Dr. Channa Kolb on November 4, 2014, noted "diminished sensation in the extremities" and a "cautious, wide-based gait," but found "these abnormal clinical presentations were offset by generally benign presentations noted elsewhere in the record and by evidence of effective treatment," including by Plaintiff's "benign presentations" at Dr. Liu's consultative examination. (*Id.* at 20). The ALJ further

recognized that Plaintiff "remains capable of driving, caring for her pets, shopping, caring for her personal hygiene independently, and performing household chores." (*Id.* at 21; *see id.* at 67-72). A review of the underlying portions of the record cited by the ALJ supports his characterizations. (*See, e.g., id.* at 308-09, 470-71). The ALJ is not required to connect the restrictions set forth in the RFC finding with specific medical impairments. *See Hayes v. Berryhill*, No. 17-CV-6354-FPG, 2018 WL 3069116, at *7 (W.D.N.Y. June 20, 2018) (An ALJ is not required to "mention[] every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."); 20 C.F.R. § 404.1545(a)(2) (ALJ need only specify Plaintiff's RFC determination from Plaintiff's condition as a whole).

Additionally, the ALJ's RFC determination reflected Dr. Liu's findings. Dr. Liu opined that Plaintiff "has mild limitations for prolonged walking, bending, and kneeling." (Dkt. 8 at 328). In the RFC determination, the ALJ limited Plaintiff to walking for two hours, stooping occasionally, kneeling occasionally, crouching occasionally, and crawling occasionally. (*Id.* at 19). It was unnecessary for the ALJ to account for the connections between these limitations and Dr. Liu's opinion. *See Cichocki*, 729 F.3d at 177. Moreover, to the extent that the ALJ included more limitations that were not accounted for by the opinion of Dr. Liu, it was not improper for the ALJ to do so in light of the other evidence of record. *See Tammy Lynn B. v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 184, 195 (N.D.N.Y. 2019) ("There is nothing improper about an ALJ considering medical opinion evidence that assesses, say, few or no exertional limitations and then relying in part on the combined

force of other record evidence, such as a claimant's subjective testimony, to nevertheless choose to assign certain limitations that result in a *more* restrictive RFC finding.").

Plaintiff argues that a "clear discrepancy" exists between the findings from Dr. Liu's October 20, 2014, consultative examination and the findings from the November 4, 2014, examination by Dr. Kolb. (Dkt. 10-1 at 23-24). However, "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002); *see Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record."). In this case, the ALJ looked to the other medical evidence of record, including other findings by Dr. Kolb such as reports that Plaintiff had full strength in her upper extremities and near-to-full strength in the lower extremities (*see, e.g.*, Dkt. 8 at 309, 461, 483, 509-10), and determined that Plaintiff had generally benign physical findings (*id.* at 19-20). Accordingly, the Court finds the ALJ appropriately resolved any existing discrepancy in the evidence of record, and that the weight the ALJ afforded to the opinion of Dr. Liu was supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 11) is granted and Plaintiff's motion for judgment on the pleadings (Dkt. 10) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: September 20, 2019
       Rochester, New York